```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


RONALD A. JOHNSON,              )
                                )
     Plaintiff,                 )
                                )
          v.                    )     1:05cv310 (JCC)
                                )
FRANCIS J. HARVEY,              )
Secretary of the Army,          )
                                )
     Defendant.                 )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion for Attorney's Fees.[1]  For the reasons stated below, the Court will deny Plaintiff's motion.

### I. Background

Plaintiff Ronald A. Johnson, an African-American man born on October 6, 1959, was employed by the Department of the Army from 1984 until August 6, 2000.  Johnson filed this suit against the Army alleging race discrimination, age discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1).

On December 29, 2005, Defendant filed a Motion for

---

[1] This motion only attempts to claim the fees of a single attorney, hence this Court's reference to "attorney's fees" instead of the more commonly stated "attorneys' fees."

Summary Judgment on all claims raised in Plaintiff's Complaint. The Court granted summary judgment in part, and denied in part. On February 16, 2006, the United States Magistrate Judge Theresa C. Buchanan held a settlement conference that resulted in a settlement agreement signed by Plaintiff on March 27, 2006. The settlement included a term by which Plaintiff would be reinstated at his previous pay level of WG-9, but did not explicitly state which specific "step" within the WG-9 level Plaintiff would receive.

On November 14, 2006, Plaintiff served a motion to re-open and to enforce the settlement agreement since Defendant reinstated Plaintiff as a WG-9 Step 1, instead of WG-9 Step 5, the rate at which he was previously compensated. After the motion to enforce the settlement agreement was filed, Defendant changed Plaintiff's rate and paid him retroactively for the wage shortfall. Plaintiff now comes before this Court requesting $5,873.01 in attorney's fees for the costs associated with the motion to enforce the settlement agreement and also this motion for attorney's fees.

**II. Analysis**

Title 42, United States Code, § 2000e-5(k) provides that a "prevailing party" should recover reasonable attorneys fees. The Supreme Court defines a "prevailing party" as "one whose lawsuit has effected a 'material alteration of the legal

relationship of the parties.'" *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Services,* 532 U.S. 598, 604-05 (2001)(quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 (1989)). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. Without a "material alteration in the legal relationship of the parties," there can be no prevailing party and thus no award of attorney's fees. *Id.* at 604-05.

A "material alteration" requires a party to receive an enforceable judgment on the merits or a court-ordered consent decree. *Id.* A private settlement agreement, however, does not "entail the judicial approval and oversight involved in consent decrees," and thus, does not constitute the required material alteration in the legal relationship of the parties. *Id.* at 605. Accordingly, an award of attorney's fees may not be authorized for the enforcement of a private settlement agreement.

In this case, Plaintiff received no enforceable judgment or consent decree. The dispute was instead resolved by a private settlement after a conference before a magistrate judge. The parties privately assented to the settlement agreement, the terms of which were never incorporated into any

order or action by the Court.  Without an enforceable judgment on the merits or a court-ordered consent decree, no material alteration of the legal relationship of the parties occurred. Accordingly, the Court is not authorized to award attorney's fees for Plaintiff's attempts to enforce that settlement agreement.

Furthermore, assuming *arguendo* that the settlement agreement's terms were incorporated into an order of the Court (thus representing a material alteration of the parties' legal relationship), Plaintiff's motion for attorney's fees would still fail since the motion to enforce the settlement agreement never reached an enforceable judgment on the merits or court-ordered consent decree.  Soon after the motion to enforce the settlement agreement was filed, Defendants provided the requested relief with retroactive pay.  This change of conduct occurred before any hearing or ruling on the motion by the Court, and the motion was dismissed as moot.  The analysis parallels that provided above: Without any judicially sanctioned judgment or decree, there is no "prevailing party."  Without a prevailing party, the Court cannot award attorney's fees.  To rule otherwise would directly conflict with the Supreme Court's rejection of the "catalyst" theory: "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change to make that plaintiff a prevailing party."  *Smyth, et al. v.*

*Rivero*, 282 F.3d 268, 275 (4th Cir. 2002)(citing *Buckhannon*, 532 U.S. at 605).  Since an award of attorney's fees is not available to Plaintiff, his motion must be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees will be denied.


February 26, 2006                    _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE